[No. 16674.    Department One.    January 9, 1922.]

W. SUNADA *et al., Respondents,* v. OREGON-WASHINGTON
RAILROAD & NAVIGATION COMPANY, *Appellant.*[1]

CORPORATIONS (266) — FOREIGN CORPORATIONS — GARNISHMENT —
SERVICE OF WRIT—STATUTES.  Under Rem. Code, § 687, providing that
writs of garnishment shall be served in the same manner as pro-
vided for the service of summons, service upon the assistant cashier
in the freight office of a foreign railroad corporation is sufficient, in
view of Rem. Code, § 226, subd. 9, which provides that service of
summons against a foreign corporation doing business in the state
may be made upon "any agent, cashier or secretary thereof;" and
the service is governed by subd. 9, rather than by subd. 4, relating
to service upon "a railroad corporation," as that refers to domestic
corporations.

Appeal from a judgment of the superior court for
King county, Hall, J., entered April 15, 1921, in favor
of the plaintiffs, denying a motion to vacate a default
judgment in garnishment proceedings.  Affirmed.

*Bogle, Merritt & Bogle,* for appellant.

*Geo. B. Cole* and *John Wesley Dolby,* for respond-
ents.

BRIDGES, J.—Appellant was a garnishee defendant
in the lower court.  It failed to appear and judgment
against it was taken.  It then appeared specially and
moved to vacate and set aside the judgment because
of the insufficiency of the service on it.  Its motion
was denied, and the only question before us is the
legal sufficiency of the service of the writ of garnish-
ment.

The sheriff's return shows that service was made on
"E. F. Upham, the asst. cashier freight dept." of the
appellant at Seattle.  Mr. Upham, in an affidavit in
support of the motion to vacate, states that, at the

[1] Reported in 203 Pac. 64.

time of the service of the writ on him, one Wamsley was the local freight agent for appellant, and one Johnson was the cashier in that office, and that he (Upham) was the assistant cashier, and that the duties of the cashier and his assistant were, among other things, the handling of the pay rolls of the various depots, yards and section employees of the appellant; that he was not a freight agent, and as assistant cashier his duties were of a clerical nature.

Section 687, Rem. Code (P. C. § 8006), provides that writs of garnishment shall be served in the same manner provided for the service of a summons. Section 226, Rem. Code (P. C. §§ 8438, 8439), is with reference to the service of summons and has thirteen subdivisions. The first subdivision concerns counties, the second cities, the third school districts, and the fourth reads as follows: "If against a railroad corporation, to any station, freight, ticket or other agent thereof within this state"; subdivision 5 is with reference to corporations owning or operating sleeping cars, the sixth refers to insurance companies, the seventh to express companies, the eighth affects all corporations other than those previously mentioned. The ninth reads as follows: "If the suit be against a foreign corporation or nonresident joint stock company or association doing business within this state, to any agent, cashier or secretary thereof." The remainder of the subdivisions are with reference to service on individuals, minors, guardians, etc.

Appellant contends that the service must be made as provided in subd. 4, *supra,* whereas respondent contends that subd. 9, *supra,* is controlling.

The record shows that the appellant is a foreign corporation, and we are satisfied that subd. 9 controls as to the manner of service. All of the subdivisions

preceding 9 are with reference to counties, cities, and school districts within the state, and domestic corporations. The question then is, was Upham "any agent, cashier or secretary," as provided in subd. 9.

The statute does not require the service to be made upon any particular agent. Of course, the person upon whom service is made must be to some extent a representative of the corporation. Doubtless, it would not be sufficient to make the service upon a common laborer employed by the corporation, nor upon one who did not in any regard represent it. But the record here shows that the person upon whom service was made was, at least in some degree, representative of the corporation, for he was its assistant cashier in its freight office. It was his duty to handle various pay rolls, and in so doing he represented the corporation.

In the case of *Barrett Mfg. Co. v. Kennedy*, 73 Wash. 503, 131 Pac. 1161, we said the statute—

" 'Makes service on "any agent" of a foreign corporation sufficient. The statute, therefore, does not require that the agent shall be general, but is complied with by a service upon an agent having limited authority to represent his principal'."

See, also, *Sievers v. Dalles, Portland & Astoria Nav. Co.*, 24 Wash. 302, 64 Pac. 539. But the statute goes further and provides that the service may be made on any cashier, and here it is admitted that Upham was an assistant cashier.

We conclude that the service was properly made and that the judgment must be affirmed. It is so ordered.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.