[No. 34166. Department One. February 6, 1958.]

ANDREW NYGAARD, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1] Reported in 321 P. (2d) 257.

*Roy E. Jackson* and *Max R. Nicolai*, for appellant.

*The Attorney General* and *Arthur S. W. Chantry, Assistant,* for respondent.

WEAVER, J.—November 4, 1953, the claimant, a sixty-two-year-old cabinet maker, collapsed while at work. November 27, 1953, he filed his claim with the department of labor and industries for disability as a result of an occupational disease, allegedly caused by exposure to "wood dust, from sanding job," suffered during the course of extrahazardous employment from July, 1944, to November, 1953.

March 10, 1954, the department rejected the claim, because

". . . no claim was filed within one year from the date on which the claimant was informed by his physician that he had contacted [*sic*] an occupational disease."

Claimant appealed to the board of industrial insurance appeals. After claimant had rested his case before the examiner, the department moved "to dismiss for failure to show that there was a timely filing" of the claim with the department.

In sustaining the order of the department, the decision of the board of industrial insurance appeals stated:

"The board is of the opinion, therefore, that the obvious intent and meaning of sec. 51.08.140, R.C.W., is that *a claim for an occupational disease, to be valid, must be filed within one year from the date he has notice from his physician that he is suffering from the disease which he alleges in his claim to have been contracted in his employment.* In this case, the claimant did not file his claim until 9 years after the date on which he was notified by his physician that he had bronchial asthma." (Italics ours.)

On appeal, the superior court concluded (1) that claimant, for more than one year prior to filing his claim, had been

advised by one or more physicians that he had bronchial asthma, and (2) that "the same was related to his work"; hence, claimant's case was dismissed with prejudice.

Claimant's appeal to this court presents only one question: Is his occupational-disease claim barred by RCW 51.08.140, which provides:

" 'Occupational disease' means such disease or infection as arises naturally and proximately out of extrahazardous employment. Such claims to be valid and compensable must be filed within one year following the date claimant has notice from a physician of his occupational disease."

We are not concerned with the question of whether the alleged occupational disease arose "naturally and proximately out of extrahazardous employment." See *Parr v. Department of Labor & Industries*, 46 Wn. (2d) 144, 278 P. (2d) 666 (1955). This question was not decided by the department, the board of appeals, nor the superior court.

We need not decide whether the trial court erred when it entered findings of fact. See *Richards v. Kuppinger*, 46 Wn. (2d) 62, 65, 278 P. (2d) 395 (1955), and cases cited; *Robertson v. Club Ephrata*, 48 Wn. (2d) 285, 289, 293 P. (2d) 752 (1956), and cases cited. Where the trial court does not have the advantage of seeing and listening to witnesses, its findings may be disregarded, provided they are based upon a written record that is before us in its entirety. *In re Black*, 47 Wn. (2d) 42, 45, 287 P. (2d) 96 (1955), and cases cited.

For a number of years, claimant's work as a cabinet maker required him to operate a belt sander that produced considerable dust. The shop in which he worked was quite dusty at times. In 1944, claimant consulted doctors in a Seattle clinic that did considerable industrial medical work. His malady was diagnosed as bronchitis and bronchial asthma. Patch tests disclosed that he was sensitive to molds, silk, reeds, and dusts of various types. He was *not* tested for wood dusts. The doctor testified:

"It [claimant's condition in 1944] was treated nonoccupational and he was not advised by the doctor, including

myself, that he should make an occupational disease claim at that time."

Claimant missed three months of work in 1944 because of his bronchial asthma.

From 1944 until his collapse in 1953, claimant was treated on many occasions by the doctors of the same clinic for his existing condition. He was advised to protect himself from dust and to wear a respirator at work. During this period, he was advised that "his work was decided to be a factor in his recurring attacks."

At no time between 1944 and 1953, however, was he required to miss work because of his bronchial asthma. The record is silent as to whether his ailment had, in any way, impaired his efficiency as a workman until his collapse in 1953.

■ A disease, and full knowledge of it, may exist long before a compensable disability develops. This court has already adopted the rule that the period allowed for filing a claim for an occupational disease does not commence to run prior to the time some degree of disability, amounting to a *compensable* disability, results.

In *Williams v. Department of Labor & Industries*, 45 Wn. (2d) 574, 575, 576, 277 P. (2d) 338 (1954), this court said:

"No cause of action, of course, can accrue for an occupational disease before it reaches a stage of development for which it is compensable at least in some degree."

This does not mean, however, that the one-year statute of limitations necessarily commences the moment a compensable disability arises from an occupational disease.

"Even when such a cause of action exists, the statute delays the running of the statute of limitations until the workman is given notice by a doctor that his disabling disease is *occupational* in its nature and causation." *Williams v. Department of Labor & Industries, supra.*

■ We conclude, therefore, that claimant's occupational disease claim was timely filed.

The judgment of the superior court dismissing claimant's action with prejudice is reversed, with directions to the su-

perior court to remand the case to the board of industrial insurance appeals for disposition of the claim upon the merits.

It is so ordered.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.

[1] Reported in 321 P. (2d) 269.