[No. 3180-3.   Division Three.   November 27, 1979.]

CHARLES FAUCHER, *Appellant,* v. BURLINGTON NORTHERN, INC., *Respondent.*

712

*Robert W. Bjur* and *Hovis, Cockrill & Roy,* for appellant.

*Gerald A. Troy* and *Lawrence D. Silvernale,* for respondent.

McINTURFF, J.—The plaintiff, Charles Faucher, appeals the dismissal of this personal injury action against the defendant, Burlington Northern, Inc.

On February 6, 1975, Charles Faucher was traveling through a railroad crossing when his truck collided with a train operated by Burlington Northern. Three years later, on February 6, 1978, at approximately 7 p.m., Mr. Faucher's attorneys served copies of a summons and complaint upon Karl Buschman, a telegrapher for Burlington Northern, working at its depot in Pasco, Washington. On October 27, 1978, this action was dismissed for want of proper service upon an "agent" of the foreign corporation.

Mr. Faucher contends the order of dismissal was error because at the time of delivery of the summons and complaint, Mr. Buschman was in sole charge of Burlington Northern's Pasco depot and was working in an area accessible to the public. In view of these facts and Mr. Buschman's "responsible" position as a telegrapher, Mr. Faucher concludes he must be deemed an agent for the purpose of accepting service of process for Burlington Northern. Burlington Northern, on the other hand, contends Mr. Buschman was a mere employee, with no representative authority.

Generally, we review the record only to determine whether there is substantial evidence to support the trial court's findings of fact. *Stringfellow v. Stringfellow,* 56 Wn.2d 957, 350 P.2d 1003, 353 P.2d 671 (1960). However, when the trial court has not had the advantage of seeing and listening to the witnesses, and the evidence is entirely documentary in nature, we may determine the merits of the

question on appeal without reference to the findings entered by the trial court.[1]

Thus, the sole issue for our consideration is whether Mr. Buschman was an agent of Burlington Northern within the contemplation of RCW 4.28.080. This statute provides:

The summons shall be served by delivering a copy thereof, as follows:

. . .

(10) If the suit be against a foreign corporation . . . to any *agent,* cashier or secretary thereof.

(Italics ours.)

■ RCW 4.28.080(10) does not limit service to any particular agent. Courts have given the statutory term "any agent" a liberal construction. The court in *Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 58, 558 P.2d 764 (1977) states:

"Service of process on an agent of a foreign corporation doing business within the state must be on an agent representing the corporation with respect to such business. It must be made on an authorized agent of the corporation who is truly and thoroughly a representative of it, *rather than a mere servant or employee,* or a person whose authority and duties are limited to a particular transaction. The agent must be an agent in fact, not merely by construction of law, and must be one having in fact *representative capacity and derivative authority.* However, it is not necessary that express authority to receive or accept service of process shall have been conferred by the corporation on the person served. It is sufficient if authority to receive service may be reasonably and justly implied.

"*The question turns on the character of the agent, and, in the absence of express authority given by the corporation, on a review of the surrounding facts and*

---

[1]*In re Estate of Reilly,* 78 Wn.2d 623, 654, 479 P.2d 1, 48 A.L.R.3d 902 (1970); *Nygaard v. Department of Labor & Indus.,* 51 Wn.2d 659, 661, 321 P.2d 257 (1958); *Angelus v. Government Personnel Life Ins. Co.,* 51 Wn.2d 691, 692, 321 P.2d 545 (1958); *Southwest Wash. Prod. Credit Ass'n v. Seattle–First Nat'l Bank,* 19 Wn. App. 397, 406, 577 P.2d 589 (1978).

714

*the inferences which may properly be drawn there-from."*

quoting from 20 C.J.S. *Corporations* § 1942(b) (1940).

Did Mr. Buschman have any authority to represent Burlington Northern for the purpose of receiving service of process? From all the surrounding circumstances, the answer must be no. Mr. Buschman is a telegrapher for the railroad. His primary duties and responsibilities are limited to opening and closing railroad switches by remote control. During his more than 20 years of service with the railroad, Mr. Buschman has never been authorized to receive service of legal papers on behalf of Burlington Northern.

By contrast, the freight agent for Burlington Northern, Clark Daniels, is authorized to accept service of legal papers on behalf of Burlington Northern. He is employed in the company's business office, which is open to the public from 9 a.m. to 5 p.m. each day. In addition, his position and the location of his office appear in the local telephone directory. The business office occupies quarters separate from the railroad's mechanical operations where Mr. Buschman is employed.

Measured by the duties he performed, which were purely mechanical in nature, it cannot be said Mr. Buschman was thereby clothed with any representative authority. Mr. Buschman is a skilled servant, no doubt, but with no authority to accept service for Burlington Northern. Mr. Faucher has cited, among other cases, *Sunada v. Oregon–Washington R. & Nav. Co.,* 118 Wash. 241, 203 P. 64 (1922), and *Barrett Mfg. Co. v. Kennedy,* 73 Wash. 503, 504–05, 131 P. 1161 (1913), as instances where someone other than the statutory agent was held to be an agent for the purpose of receiving service. These cases are distinguishable. In *Barrett,* the statutory agent was out of state and Mr. Edwards had sole charge of the warehouse. He shipped goods out of the warehouse as directed, made out shipping bills, received freight into the warehouse and sold goods and solicited orders at list prices. Mr. Edwards had

sole charge of the warehouse as opposed to Mr. Buschman who had no representative authority.

In *Sunada,* the person served was an assistant cashier. There, the court said at page 243:

> Doubtless, it would not be sufficient to make the service upon a common laborer employed by the corporation, nor upon one who did not in any regard represent it. But the record here shows that the person upon whom service was made was, at least in some degree, representative of the corporation, for he was its assistant cashier in its freight office. It was his duty to handle various pay rolls, and in so doing he represented the corporation.

Here again, Mr. Buschman had no representative authority, as opposed to one who was assistant cashier.

Despite the policy of liberal construction for the term "agent,"

> "It may be laid down as a general rule that a mere servant, employee, or clerk, without any discretion or authority to represent the corporation in its business, is not such an agent as may be served with process in an action against a foreign corporation."

*State ex rel. Western Canadian Greyhound Lines, Ltd. v. Superior Ct.,* 26 Wn.2d 740, 761, 175 P.2d 640 (1946), quoting from 113 A.L.R. 9, 125 (1938).[2]

Judgment of the Superior Court is affirmed.

MUNSON and ROE, JJ., concur.

Reconsideration denied December 13, 1979.

Review denied by Supreme Court February 22, 1980.

---

[2]*See also Perham Fruit Corp. v. Cunard White Star, Ltd.,* 84 F. Supp. 354, 360 (E.D. Wash. 1949); *Sunada v. Oregon–Washington R. & Nav. Co.,* 118 Wash. 241, 243, 203 P. 64 (1922); *Grams v. Idaho Nat'l Harvester Co.,* 105 Wash. 602, 607–08, 178 P. 815 (1919); *Alaska Pac. Nav. Co. v. Southwark Foundry & Mach. Co.,* 104 Wash. 346, 352–53, 176 P. 357 (1918); *Barrett Mfg. Co. v. Kennedy,* 73 Wash. 503, 504–05, 131 P. 1161 (1913).