[No. 4975-2-III. Division Three. July 12, 1983.]

HARRY REINER, *Appellant,* v. PITTSBURG DES MOINES CORPORATION, ET AL, *Defendants,* BURNS & ROE, INC., *Respondent.*

*Eugene G. Schuster* and *Critchlow & Williams,* for appellant.

*Terry P. Abeyta, Inc., P.S.,* for respondent.

McINTURFF, J.—Does substantial compliance satisfy the statute governing service of process on an agent appointed to accept service on behalf of a foreign corporation doing business in Washington? We hold it does.

On August 23, 1978, Harry Reiner was injured while working as a pipefitter at the Hanford Project. He commenced a personal injury action against several defendants,

including Burns & Roe, Inc. (a foreign corporation).

On August 19, 1981, a process server took a copy of the summons and complaint to the home of Charles Robinson, an employee of Burns & Roe.[1] Mrs. Robinson answered the door and was asked if this was the residence of Charles Robinson. Mrs. Robinson replied affirmatively, the server handed her the summons and complaint and left. Mrs. Robinson accepted the papers and took them to her husband who was downstairs watching television. Mr. Robinson states his wife gave the papers to him.

The trial court granted Burns & Roe's motion to dismiss for lack of proper service.

The controlling statute is RCW 4.28.080(10), which provides:

> The summons shall be served by delivering a copy thereof, as follows:
>
> . . .
>
> (10) If the suit be against a foreign corporation or nonresident joint stock company, partnership or association doing business within this state, to any agent, cashier or secretary thereof.

■■ The issue is whether this statute requires strict compliance or whether substantial compliance is sufficient. Substantial compliance has been held to satisfy the "spirit" of procedural requirements. *Fisher Bros. Corp. v. Des Moines Sewer Dist.*, 97 Wn.2d 227, 230, 643 P.2d 436 (1982); *see, e.g., Weeks v. Chief of Wash. State Patrol*, 96 Wn.2d 893, 639 P.2d 732 (1982); *Zesbaugh, Inc. v. General Steel Fabricating, Inc.*, 95 Wn.2d 600, 627 P.2d 1321 (1981); *First Fed. Sav. & Loan Ass'n v. Ekanger*, 93 Wn.2d 777, 613 P.2d 129 (1980). More importantly, the doctrine of substantial compliance has been recently expanded to a jurisdictional statute. *In re Saltis*, 94 Wn.2d 889, 621 P.2d 716 (1980).

We hold substantial compliance satisfies RCW 4.28-.080(10) provided (1) the purpose of the statute is not

---

[1] Although his affidavit does not state he is the appointed agent for service of process, we will assume he is as this was not disputed.

defeated and (2) the opposing party is not prejudiced. *See Fisher Bros. Corp. v. Des Moines Sewer Dist., supra* at 230–31.

First, the purpose of serving notice is to advise a party his person or property is in jeopardy. *Watson v. Washington Preferred Life Ins. Co.,* 81 Wn.2d 403, 408, 502 P.2d 1016 (1972); *Ware v. Phillips,* 77 Wn.2d 879, 882, 468 P.2d 444 (1970). As a foreign corporation doing business in this state, Burns & Roe was required to designate a registered agent upon whom process may be served. RCW 23A.32.080;[2] RCW 23A.32.100.[3] This mandate was satisfied by designating Charles Robinson. Thus, service of process upon Mr. Robinson was deemed effective service upon Burns & Roe. The purpose underlying the requirement of service of process upon Mr. Robinson, as designated agent, is to assure that Burns & Roe would be advised to appear and answer the complaint and that its failure to answer could result in judgment being taken against it.

Here, the process server delivered the summons and complaint to Mrs. Robinson. She accepted them and gave them to her husband. Mr. Robinson admits he received those papers. No one has challenged this fact. The purpose of the statute is to ensure that Burns & Roe's designated agent is informed it is being sued. This purpose was satisfied.

The second test addresses the question of prejudice.

---

[2] RCW 23A.32.080 provides in part:

"Each foreign corporation authorized to transact business in this state shall have and continuously maintain in this state:

". . .

"(2) A registered agent, which agent may be either an individual resident in this state whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this state, having a business office identical with such registered office."

[3] RCW 23A.32.100 provides in part:

"The registered agent so appointed by a foreign corporation authorized to transact business in this state shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served."

Here, Burns & Roe would not be prejudiced by the application of substantial compliance. Upon Mrs. Robinson's delivery of the summons to her husband, Burns & Roe was in the same position it would have been had service been personally made upon Mr. Robinson. He was informed of an action against Burns & Roe which necessitated presumed duties on his part for the benefit of his employer.

Thus, the service of process on Mrs. Robinson, coupled with Mr. Robinson's admission of actual receipt, satisfies RCW 4.28.080(10). The purpose of the statute has been met and Burns & Roe has not been prejudiced.

In addition to substantially complying, Mr. Reiner *actually* complied with RCW 4.28.080(10). The statute requires the summons be served by delivering a copy thereof to the corporate agent. A copy of the summons was delivered to Mr. Robinson, Burns & Roe's corporate agent. This was admitted. Although delivery was made by Mrs. Robinson rather than the process server, the fact remains a copy was delivered to and received by Mr. Robinson. This is not a case of mere actual notice, *i.e.,* where the defendant somehow heard about the lawsuit, *see Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 267–68, 616 P.2d 1257 (1980); *Thayer v. Edmonds,* 8 Wn. App. 36, 40, 503 P.2d 1110 (1972), it is a case where there was *actual delivery and admitted receipt* of the summons and complaint. We cannot close our eyes to the fact of actual receipt and the acknowledgment of that receipt. Our conclusion is supported by the trend of our Supreme Court to look at facts as they exist, not in a vacuum restrained by technicalities. *See In re Saltis, supra.*

What happens if RCW 4.28.080(10) is strictly construed and this trial court is affirmed?[4] Mr. Reiner must either refile his action, which is a waste of time and money, or,

---

[4]Burns & Roe relies on *Faucher v. Burlington N., Inc.,* 24 Wn. App. 711, 603 P.2d 844 (1979) and *Meadowdale Neighborhood Comm. v. Edmonds, supra.* These cases are factually distinguishable and fail to reflect the current trend of allowing substantial compliance.

what is more likely, he will never be able to have his claim adjudicated because the statute of limitation has run. Burns & Roe will have avoided a lawsuit because a process server failed to insist upon personally placing the papers in Mr. Robinson's hands. Despite the teachings of Astraea, the blindfolded goddess of justice seen holding scales and a sword, the law is not totally blind. It sees facts as they are, not from a hypertechnical perspective which prevents a citizen from having his day in court.

I am mindful of Justice Finley's comment in *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974):

> [T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

Generally, procedural rules, statutes and regulations form the only basis for the orderly administration of justice. But there are instances where substantial compliance, within these parameters, is adequate protection to allow justice and truth to prevail. This is one of those instances.

The order of dismissal is reversed; the matter is remanded for a trial on the merits.

MUNSON, J., concurs.

ROE, C.J. (dissenting)—I am compelled to dissent since the majority frames the question in terms of substantial compliance.

The sole issue in this case of first impression is whether service of process on the wife of the agent appointed to accept service on behalf of a foreign corporation doing business in Washington complies with RCW 4.28.080(10).[5]

---

[5]RCW 4.28.080(10) provides in pertinent part:
"The summons shall be served by delivering a copy thereof, as follows:
". . .
"(10) If the suit be against a foreign corporation or nonresident joint stock company, partnership or association doing business within this state, to any agent,

It should be expressly noted that this is not a case of personal service arising under RCW 4.28.080(14). That section permits the named defendant to be served personally or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein.[6] Here, the person upon whom service was attempted was not the defendant corporation, but rather, the agent appointed by the defendant to accept service on behalf of the corporation.

As noted in the majority opinion, the process server took the summons and complaint to the home of the agent who was an employee of the defendant Burns & Roe. The agent did not answer the door, but his wife did and she was served with the process, so the process server handed her the summons and complaint and left. Later, the wife handed the paper to the agent. The trial court dismissed for lack of proper service and should be affirmed. The plaintiff concedes the general rule. Constructive and substitute service require strict compliance while a personal service statute requires substantial compliance. *Thayer v. Edmonds*, 8 Wn. App. 36, 503 P.2d 1110 (1972). Despite that, the majority states the issue is whether the statute requires strict compliance or whether substantial compliance is sufficient. It does not adequately discuss *Thayer v. Edmonds, supra.*

In his brief, plaintiff argued that under the authority of *Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 558 P.2d 764 (1977), Mrs. Robinson was agent of her husband who was in turn the designated agent to accept service for defendant Burns & Roe. *Crose* held that service of

---

cashier or secretary thereof."

[6]The rationale of the majority would emasculate that part of RCW 4.28-.080(14), requiring service by leaving a copy of the summons with a person of suitable age and discretion, resident therein, if a copy of the summons and complaint were given to a day domestic, plumber's helper, or a visiting mother-in-law who happened to be in the residence of a defendant and handed the process to him.

process upon C. T. Corporation, a registered agent of Riviera Motors, was adequate service on Volkswagen Germany and Volkswagen America (both of which had no registered agents in Washington) due to the extensive contractual control of Riviera by Volkswagen America and the complete stock ownership and majority membership on the board of directors of Volkswagen America by Volkswagen Germany. Here, there is no business relationship between defendant and Mrs. Robinson. Defendant has an authorized agent in Washington; that is Mr. Robinson, not Mrs. Robinson.

Other Washington cases have refused to reduce service requirements. *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980) held that service on the mayor's secretary was insufficient to accomplish service on the City pursuant to RCW 4.28.080(2) because strict compliance with the statute which requires service on the mayor was not accomplished. Closer to the instant case is *Faucher v. Burlington N., Inc.,* 24 Wn. App. 711, 603 P.2d 844 (1979). There, the plaintiff sued Burlington Northern and served process on a telegrapher who plaintiff alleged was solely in charge of defendant's Pasco depot. The court held service was improper since the telegrapher had no representative authority. Here, Mrs. Robinson had no representative authority on behalf of Burns & Roe. The fact that she may have promptly delivered the summons and complaint to her husband is, by itself, insufficient to accomplish proper service. *Meadowdale,* at 267–68; *Thayer,* at 40.

The simple fact is that the defendant, whose agent was Mr. Robinson, was not served in the manner required by statute. The fact that the agent's wife received a copy of the summons and complaint and fortuitously handed the process to her husband is irrelevant. For that to be logical, anyone who may have found a copy of the summons and complaint—some visitor or guest in the house, who may have been erroneously or improperly served—and would give it to the designated agent would, according to the majority, accomplish service. It seems the only considera-

tion of the majority is whether the defendant actually received a copy of the process. Nowhere in the statute or the case law is there any authority for the proposition that a defendant who happens to receive a copy of the process is then served. That would fly in the face of the history of special appearances and the right of defendants improperly served to come into court with a copy of the process and dispute the jurisdictional requirement. The fact that the agent may have admitted receipt of a copy is not the equivalent of admitting service. In effect, the majority simply does not discuss the requirements of the statute or distinguish the cases which interpret that statute in respect to service on designated agents. I find no affidavit of service in the file by Mrs. Robinson that she served her husband. A footnote in the majority dismisses the *Meadowdale* case, decided in 1980, as failing to reflect the current trend. Certainly service has been around a long time and proper service should be insisted upon. It is not so fleeting that a case 3 years old is not current. The effect of the majority is to countenance sloppy practice, and in effect say to the defendant, "If you come into court with a copy of the summons and complaint in your hand, regardless of whether you were served according to statute, the fact you have received a copy through some manner or another confers the court with jurisdiction and you are served." This has never been the law and should never be the law.

Accordingly, I dissent.

Reconsideration denied September 23, 1983.

Review granted by Supreme Court December 2, 1983.