[No. 20630-3-I.   Division One.   March 21, 1988.]

STEVEN LOCKHART, *Appellant,* v. BURLINGTON NORTHERN RAILROAD COMPANY, ET AL, *Respondents.*

*Thomas Cline,* for appellant.

*Rexanne Gibson,* for respondent Burlington Northern.

*Kenneth O. Eikenberry, Attorney General,* and *Virginia O. Binns, Assistant,* for respondent State.

*Seth R. Dawson, Prosecuting Attorney,* and *Linda C. Krese, Deputy,* for respondent Snohomish County.

WILLIAMS, J.—Steven Lockhart brought this action to recover damages for personal injuries sustained when he lost control of his motorcycle at a railroad crossing. The only question is whether Lockhart's claims against Burlington Northern Railroad Company, the State of Washington and Snohomish County are barred by the 3-year statute of limitations. The trial court ruled that they were so barred; we agree.

The accident occurred on March 20, 1983, in Snohomish County. Following is a chronology of the proceedings, including the filings regarding process, taken by the defendants and by the three attorneys successively representing Lockhart:

3/18/86 First attorney files summons and complaint.
8/18/86 Second attorney files summons and second amended complaint, and serves all defendants.

11/21/86 Snohomish County moves for summary judgment of dismissal.

11/26/86 State of Washington moves for summary judgment of dismissal.

12/02/86 Burlington Northern moves for dismissal.

1/03/87 Defendants' motions granted.

4/07/87 Third attorney moves to vacate judgment, and for leave to file an affidavit of service showing Burlington Northern was served on March 28, 1986.

5/28/87 Affidavit of service upon Burlington Northern on March 28, 1986, filed by second attorney.

6/29/87 Motion to vacate denied.

6/29/87 Third attorney files notice of appeal.

RCW 4.16.170 provides:

For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Neither the State of Washington nor Snohomish County was served with process (summons) either personally or by publication within 90 days of the filing of the initial complaint. More than 3 years had passed after the date of the accident before the action was commenced on August 18, 1986, by the second amended complaint being filed and summons served. Therefore, the action against the State and Snohomish County is barred by the statute of limitations.

The purported service upon Burlington Northern on March 28, 1986, was timely, but nevertheless ineffective. The affidavit of service filed May 28, 1987, reads:

> That on the 28th day of March, 1986, at the hour of 11:05 o'clock in the before noon, affiant personally served Reg. Agent Burlington Nth with Summons & Complaint (Amended) in this action, by delivering and leaving with Receptionist, Brochard personally, at Seattle, Washington, a true and correct copy of said Summons & Complaint (Amended).

Service of a summons upon a railroad corporation is accomplished by delivering a copy thereof:

> . . . to any station, freight, ticket or other agent thereof within this state.

RCW 4.28.080(4). It is undisputed that "Brochard" is Linda Borchardt, who at the time of the purported service was a receptionist for the operations and engineering departments on the 20th floor offices of Burlington Northern in Seattle. It is also uncontradicted that Borchardt had no authority to accept service, had never done so, and was instructed to refer all legal matters to the law department housed on the 22nd floor.

The rule is that:

> "Service of process on an agent of a foreign corporation doing business within the state must be on an agent representing the corporation with respect to such business. It must be made on an authorized agent of the corporation who is truly and thoroughly a representative of it, *rather than a mere servant or employee,* or a person whose authority and duties are limited to a particular transaction. The agent must be an agent in fact, not merely by construction of law, and must be one having in fact *representative capacity and derivative authority.* However, it is not necessary that express authority to receive or accept service of process shall have been conferred by the corporation on the person served. It is sufficient if authority to receive service may be reasonably and justly implied.
>
> *"The question turns on the character of the agent, and, in the absence of express authority given by the corporation, on a review of the surrounding facts and*

*the inferences which may properly be drawn therefrom."*
*Reiner v. Pittsburg Des Moines Corp.*, 101 Wn.2d 475, 477, 680 P.2d 55 (1984), quoting *Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wn.2d 50, 58, 558 P.2d 764 (1977), quoting 20 C.J.S. *Corporations* § 1942(b) (1940). *Reiner* cites with approval *Faucher v. Burlington Northern, Inc.*, 24 Wn. App. 711, 603 P.2d 844 (1979), wherein service upon a telegrapher working in a railroad depot was held to be ineffective.

Nothing in the record suggests Borchardt was an authorized agent or that authority to receive service "may be reasonably and justly implied." It is true that several months after the complaint was filed, Borchardt was transferred to duty as a receptionist on the 22nd floor where the law department was located, but that is of no consequence to this case.

The order denying vacation of the judgment of dismissal is affirmed.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Reconsideration denied July 12, 1988.

Review by Supreme Court pending October 20, 1988.