

2015 JUL 27 AM 11: 0

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| KAY B. KAYONGO, | ) | No. 71340-0-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WESTFIELD, LLC, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 27, 2015 |

SCHINDLER, J. — Kay B. Kayongo appeals summary judgment dismissal of her product liability complaint against Westfield LLC. The court ruled that because Kayongo did not properly effect service of process, the three-year statute of limitations barred the lawsuit. In the alternative, the court ruled Kayongo presented no evidence to establish the essential elements of a product liability or premises liability claim. We affirm.

On June 28, 2013, Kayongo filed a summons and "Complaint for Damages Based on Product Liability" against Westfield in King County Superior Court. The complaint alleges that as the management company for Southcenter Mall in Tukwila, Westfield negligently purchased and supplied paper towels in the mall restroom. Kayongo claims that after using the paper towels at the mall restroom on June 15, 2010, she had a runny nose, watery eyes, and itchy face. The complaint alleges that her doctor concluded she had an allergic reaction and "[p]robable contact dermatitis." The

complaint requests $20 million in "general damages" for "pain, suffering, mental [and] emotional distress and medical bill expenses," and injunctive relief.

On July 30, 2013, Westfield filed an answer denying Kayongo's allegations and asserting a number of affirmative defenses, including insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join an indispensable party. Westfield also asserted the three-year statute of limitations for personal injury actions barred the claim.

In October, Westfield filed a motion for summary judgment. Westfield argued that because Kayongo failed to commence the lawsuit within three years of her alleged injury, the statute of limitations barred her lawsuit. In the alternative, Westfield argued Kayongo presented no evidence to establish the essential elements of a product liability or premises liability claim.

Westfield presented evidence that a process server delivered the summons and complaint to a receptionist who was not employed by Westfield and was not authorized to accept service of process on behalf of Westfield. Westfield also presented evidence that Westfield did not manage Southcenter Mall and did not supply paper towels for the mall restroom. Southcenter Mall general manager Andrew Ciarrocchi testified that "the mall was self-managed by WEA Southcenter, LLC in June of 2010." Ciarrocchi also testified that neither Westfield nor WEA Southcenter were responsible for manufacturing, retailing, purchasing, or supplying the paper towels in the restrooms at Southcenter Mall.

In response, Kayongo argued that she served Westfield within the limitations period because "some company receptionists assume the responsibility of secretary."

Kayongo also argued that Westfield fraudulently concealed the identity of the proper defendant by giving her a Westfield business card in June 2010.

The court granted Westfield's motion for summary judgment and dismissed the complaint with prejudice. The order states, in pertinent part:

This Order is based on both of the grounds presented, i.e.,
(1) The plaintiff failed to accomplish timely and effective service on the defendant and the statute of limitations has run; and
(2) Even if jurisdiction over this defendant was established, no evidence has been presented tending to prove essential elements of a product liability or premises liability claim against this defendant.

Kayongo filed a motion for reconsideration arguing Westfield fraudulently concealed the identity of the true defendant and the identity of Westfield's registered agent for purposes of accepting service of process. The court denied the motion.

Standard of Review

We review a trial court's order of summary judgment dismissal de novo, engaging in the same inquiry as the trial court. Korslund v. DynCorp Tri-Cities Servs., Inc., 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Mossman v. Rowley, 154 Wn. App. 735, 740, 229 P.3d 812 (2009). We review a trial court's denial of a motion for reconsideration for abuse of discretion. Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005). "[A] pro se litigant is held to the same standard as an attorney." Kelsey v. Kelsey, 179 Wn. App. 360, 368, 317 P.3d 1096 (2014).

Service of Process

Personal injury claims must be commenced within three years of the date of the alleged injury. RCW 4.16.080(2). In general, a civil action may be commenced either

3

by service of process or by filing the complaint, "whichever occurs first." RCW 4.16.170; CR 3. If the action is commenced by service of process, the plaintiff must file the complaint within 90 days of service for purposes of tolling the statute of limitations. RCW 4.16.170.

A trial court does not acquire jurisdiction over an improperly served defendant. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). "The plaintiff bears the initial burden to prove a prima facie case of sufficient service." Scanlan, 181 Wn.2d at 847. The burden then shifts to the party challenging personal jurisdiction to "demonstrate by clear and convincing evidence that the service was improper." Scanlan, 181 Wn.2d at 847.

Kayongo filed the complaint on June 28, 2013. Kayongo contends she tolled the statute of limitations by delivering the summons and complaint to a receptionist at Southcenter Mall on May 29, 2013. The affidavit of service states, in pertinent part:

> I WALO OKAKO, oath:
>
> I am a server, and I am over 18 [sic] old.
>
> On 5-29-2013, I served a true copy of summons and complaint to the defendant Westfield, LLC, received by the defendant's secretary at 633 Sounthcenter [sic] #2800, Tukwila WA 98188.

To effect service of process on a foreign corporation doing business in Washington, a copy of the summons must be delivered to an agent or secretary of the corporation.[1] RCW 4.28.080(10). The undisputed record establishes the process server did not deliver the summons to an individual who was authorized to accept service of process on behalf of Westfield. Christina Samples testified she is a receptionist in "the management offices at the Southcenter Mall" and that her employer

---

[1] Westfield is a Delaware corporation.

is Westfield Property Management LLC, not Westfield LLC. Samples stated that her duties involve screening telephone calls and sorting mail. Samples testified she is "not a personal secretary for Mr. Ciarrocchi" and is "not an authorized agent for Westfield, LLC for the service of a summons and complaint in legal actions." According to Samples, the process server simply asked whether she was "the receptionist" and then placed the summons and complaint on her desk and left. Samples testified, in pertinent part:

> On May 29, 2013, while seated at my desk at the Westfield offices, I was approached by a woman who asked if I was the receptionist. When I said, "Yes," she laid papers down on my desk and then left without further explanation. . . . Having no legal training, it was difficult for me to understand what the documents were. Many of them were handwritten, and they included medical records and letters. Having ascertained that the documents were legal in nature, I left them on the desk of Andrew Ciarrocchi, the mall manager.

In addition, Ciarrocchi testified that Samples is "an office receptionist," is not authorized to accept service of process on behalf of Westfield, and "is not even an employee of Westfield, LLC."[2]

Fox v. Sunmaster Products, Inc., 63 Wn. App. 561, 821 P.2d 502 (1991), is analogous.[3] In Fox, we held that service of process on a foreign corporation was ineffective under RCW 4.28.080(10) where the summons and complaint were delivered to a receptionist employed by the defendant's parent corporation. Fox, 63 Wn. App. at

---

[2] Kayongo contends the court erred in considering the declarations of Samples and Ciarrocchi. She also contends Westfield fraudulently concealed the identity of the true defendant in this case until after the statute of limitations ran. Because she does not provide argument or citation to authority in support of these assignments of error, we do not address them. See RAP 10.3(a)(6); Regan v. McLachlan, 163 Wn. App. 171, 178, 257 P.3d 1122 (2011) ("We will not address issues raised without proper citation to legal authority.").

[3] The case Westfield relies on, Lockhart v. Burlington Northern Railroad, 50 Wn. App. 809, 750 P.2d 1299 (1988), is inapposite. In Lockhart, the defendant was not a foreign corporation and the court's analysis was based on a different subcategory of RCW 4.28.080 that governs service of process on a railroad company. Lockhart, 50 Wn. App. at 812 (citing RCW 4.28.080(4)).

565-67. Here, as in <u>Fox</u>, service of process was ineffective because the summons and complaint were delivered to a receptionist who was not employed by the defendant corporation and had "neither express nor implied authority to represent the corporation." <u>Fox</u>, 63 Wn. App. at 567.

The court did not err in granting Westfield's motion for summary judgment on the ground that Kayongo's claim was barred by the statute of limitations. However, even if her lawsuit is not barred by the three-year statute of limitations, the court ruled there was no evidence to establish the essential elements of either a product liability or premises liability claim.

<u>Product Liability and Premises Liability</u>

A defendant can move for summary judgment by showing there is an absence of evidence to support the plaintiff's case. <u>Young v. Key Pharm., Inc.</u>, 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial. <u>Young</u>, 112 Wn.2d at 225. A material fact is one that affects the outcome of the litigation. <u>Elcon Constr., Inc. v. E. Wash. Univ.</u>, 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

While we construe all evidence and reasonable inferences in the light most favorable to the nonmoving party, summary judgment dismissal is proper if the plaintiff " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " <u>Jones v. Allstate Ins. Co.</u>, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002); <u>Young</u>, 112 Wn.2d at 225 (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The nonmoving party may not rely on speculation or "mere allegations,

denials, opinions, or conclusory statements" to establish a genuine issue of material fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004). A party's self-serving opinion and conclusions are insufficient to defeat a motion for summary judgment. Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988).

To establish a cause of action for product liability, "the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product." Lockwood v. A C & S, Inc., 109 Wn.2d 235, 245, 744 P.2d 605 (1987). "[T]he plaintiff must identify the particular manufacturer of the product that caused the injury." Lockwood, 109 Wn.2d at 245.

To establish a cause of action for premises liability, the plaintiff must demonstrate the defendant was the "possessor" of the land and had "actual or constructive notice of the unsafe condition." Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 652, 869 P.2d 1014 (1994). "The plaintiff must establish that the Defendant had, or should have had, knowledge of the dangerous condition in time to remedy the situation before the injury or to warn the plaintiff of the danger." Ingersoll, 123 Wn.2d at 652.

Westfield argued Kayongo presented no evidence to establish either a product liability or premises liability claim. In support, Westfield submitted the declaration of Southcenter Mall general manager Ciarrocchi. Ciarrocchi testified neither Westfield LLC nor WEA Southcenter LLC are responsible for manufacturing, retailing, purchasing, or supplying the paper towels at the mall. Ciarrocchi explained that an independent contractor "provides janitorial services at the mall, and that company purchases and stocks paper towels at Southcenter Mall." Ciarrocchi also testified he has "no

7

knowledge that anyone else has complained of an injury by using the paper towels in the Southcenter Mall restrooms," and he is "not aware that the paper towels supplied by [the independent contractor] are defective in any way."

In opposition, Kayongo presented her own declaration and medical records from a doctor appointment. Kayongo's declaration contains only self-serving opinions and conclusory assertions about the source of the paper towels and Westfield's responsibility for the alleged defect.

We affirm summary judgment dismissal of the product liability complaint Kayongo filed against Westfield.[4]

Schindler, J.

WE CONCUR:

Trickey, J.                          Leach, J.

---

[4] We decline to award Westfield attorney fees under RAP 18.9(a).