[No. 1537.   Decided October 27, 1894.]

D. M. OSBORNE & Co., *Appellant*, v. THE COLUMBIA COUNTY FARMERS' ALLIANCE CORPORATION, *Respondent.*

### SERVICE OF SUMMONS ON CORPORATION — SUFFICIENCY — DEFENDANT'S KNOWLEDGE OF SUIT.

Service of summons upon the agent of a domestic corporation, in charge of a branch store of his principal, is not sufficient under Laws 1893, p. 409, § 7, subd. 8, requiring that service upon corporations, with the exception of certain designated classes, be made upon the president, secretary, cashier or managing agent thereof.

The fact that a defendant corporation has knowledge of the pendency of a suit against it will not dispense with the necessity for proper service.

*Appeal from Superior Court, Walla Walla County.*

*B. L. & J. L. Sharpstein*, for appellant.

*Wellington Clark*, and *Thomas H. Brents*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from an order vacating a judgment by default upon the petition of the respondent. The ground upon which the judgment was vacated was that there had been no proper service of the summons, and that for the want of such service the judgment was void, or at least had been irregularly entered. The service upon which the judgment was founded was made upon R. Yeend, who was in charge of a branch store or house of the defendant, in Walla Walla. The defendant was a domestic corporation, having its principal place of business in Dayton, Columbia county, and having a president, secretary, treasurer and general manager. The latter officer had general control of the business, including that transacted by the person in charge of the Walla Walla house.

Under these circumstances it was held by the superior court that the summons had never been served so as to bring the corporation into court.   The statute (Laws 1893, p. 409, § 7, subd. 8) provides that service upon a corporation of the nature of this one shall be made by delivering a copy to the president or other head of the company or corporation, secretary, cashier or managing agent thereof, and the question presented for our determination is as to whether the agent upon whom service was made was within the meaning of such statute a managing agent of the corporation.   The term managing agent would seem to carry the idea that such an agent was one who managed the affairs of the corporation, and not some particular part or branch thereof only.   If we give to the language of the statute its ordinary significance it would not include Mr. Yeend, who was only in charge of a single branch of the business of the corporation, among those upon whom service could be made.   And if there is doubt as to the construction of the language used standing alone, it is made certain by the two clauses of the section immediately preceding the one in which such language occurs.   In one of them it is provided that an insurance company may be served by delivery to any agent authorized to solicit insurance within this state, and the other provides that service may be had upon any corporation doing an express business by delivery to any agent authorized to receive and deliver express matter, and collect pay therefor, within this state.

From these provisions it is made clear that when the legislature intended to provide for service upon other than those having general and uniform relations to all of the business of the company, they made special provision therefor; from which it will follow that as to corporations as to which no special provision was made, the general language used was intended to exclude therefrom all other classes of officers

and agents.   Mr. Yeend, at the time service was made, was not the managing agent of the corporation, within the meaning of the statute providing for service of process thereon.

Two other reasons are suggested why the order of the lower court should be reversed; one is, that the defendant had knowledge of the pendency of the suit, and that such knowledge should be given the same force as proper service.   But we are aware of no rule which compels a defendant to appear in a case until service has been made requiring such appearance.   The other suggestion is, that there was laches on the part of the defendant in applying for relief against the judgment, but since it applied within the time provided by the statute, and since one of the causes recognized by the statute for setting aside a judgment existed, we do not see that there was any laches which should deprive it of the remedy for which the statute had provided.

The order must be affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.