64

CENTER ET AL., APPELLANTS, *v.* ST. PETER'S EPISCOPAL CHURCH; THE EASTERN STAR HOME OF CUYAHOGA COUNTY ET AL., APPELLEES, ET AL.

(No. 40482—Decided June 28, 1967.)

*Messrs. Fedor & Fedor* and *Mr. Dennis G. Fedor,* for appellants.

*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley, Mr. G. David Bluhm* and *Messrs. Steele & Steele,* for appellees.

O'NEILL, J. The first question presented to this court is: In a will contest, where a defendant who is not an heir and who is not a legatee under the will but is the duly appointed, qualified and acting executor of the testatrix's estate and is designated in the body of the petition as the executor of the estate, but in the caption of the petition and in the precipe which was issued there is no indication of his representative capacity, and the summons was served upon him in his individual capacity, is there sufficient compliance with the provisions of Section 2741.-09, Revised Code, to give the court jurisdiction of the action?

This question has been determined by this court in *Porter* v. *Fenner,* 5 Ohio St. 2d 233, where the court held that, in such a situation as is now before this court, a motion, filed more than six months after the admission of the will to probate, to dismiss the petition for failure to summon such a de-

fendant as executor should be overruled. *(Mangan v. Hopkins,* 166 Ohio St. 41, overruled.) The court erred in dismissing on this ground.

The second question is: In a will contest, where a non-profit corporation, which is a legatee under the will, is named as a defendant in the petition and the caption of the petition, and the return of the sheriff states that the summons was handed to the "director," and the return contains no statement that service was attempted on the president or other chief officer, should a motion to quash such service of summons be allowed?

Section 1702.06(H), Revised Code, provides for certain conditions under which the Secretary of State, as the agent of a corporation, may be served. It is conceded that service under this section was not attempted in this case and no valid service under this section was made.

Section 2703.10, Revised Code, in pertinent part, provides:

"A summons against a corporation may be served upon the president, mayor, chairman, or president of the board of directors or trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof. * * * "

In the instant case, it is agreed that none of the officers named in this section was served. The record shows that the sheriff served the writ on "The Eastern Star Home of Cuyahoga County, by handing to Ethel Newman, Director, a true and certified copy thereof * * *."

The evidence does not disclose the capacity of Ethel Newman other than the fact that she was a director.

The first method of service provided for in Section 2703.-10, *supra,* does not provide for service upon a director. It is conceded that service in this case was not accomplished in that manner. It is then provided that service may be made upon the managing agent, if a chief officer is not found in the county. The sheriff's return fails to disclose that the named officers could not be found in the county and does not identify Ethel Newman

as a managing agent. The sheriff's return does not state that Ethel Newman was the person in charge, *i. e.,* the director of The Eastern Star Home.

The appellants rely upon the case of *Moriarty* v. *Westgate Center, Inc.,* 172 Ohio St. 402. The holding of this court in that case was based upon specific facts before the trial court in the form of an affidavit. In the opinion in that case it is stated, at page 409: " * * * if it is admitted or if there can be no reasonable conclusion from the evidence but that such person did bring that summons promptly to the attention of the chief officer of such corporation prior to the return day of that summons, a motion to quash such summons should be overruled."

In the instant case, the appellants had the opportunity to submit evidence to the trial court concerning compliance with Section 2703.10, *supra.* However, there is no evidence in the record to show whether the summons was brought to the attention of the chief officer of the corporation.

The statutory method of service of process upon a corporation is mandatory and must be followed strictly. In the absence of *any evidence in the record,* "Ethel Newman, Director," is not the equivalent of "Ethel Newman, managing agent." *Moriarty, supra,* extends the rule of leniency in holding valid a service of summons upon a corporation as far as that rule should be extended. When the return of the sheriff did not affirmatively show that the service of summons was in accord with the provisions of the statute, it was incumbent upon the appellants, upon hearing, to show by evidence that the service complies with the terms of the statute. The appellants failed to present any evidence to support their contention.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Matthias, Herbert and Brown, JJ. concur.