[No. 49982–9.   En Banc.   April 19, 1984.]

HARRY REINER, *Respondent,* v. PITTSBURG DES MOINES CORPORATION, ET AL, *Respondents,* BURNS & ROE, INC., *Petitioner.*

*Terry P. Abeyta* and *Abeyta & Nelson, P.S.,* for petitioner.

*Critchlow & Williams,* by *Eugene G. Schuster* and *Michael T. Kozlowski,* for respondent Reiner.

UTTER, J.—Petitioner, Burns & Roe, Inc. seeks reinstatement of the trial court's dismissal of respondent's suit for his alleged failure to properly serve petitioner with process. We find that the service was adequate and affirm the Court of Appeals.

On August 23, 1978, Harry Reiner was injured while working as a pipefitter at the Hanford Project. He commenced this personal injury action against several defendants, including petitioner Burns & Roe, Inc., a New Jersey corporation. On August 19, 1981, a process server took a copy of the summons and complaint to the home of Charles Robinson, an employee of petitioner. Lucienne Robinson, who was not an employee of petitioner, answered the door and was asked by the process server whether the home was the residence of Charles Robinson. When she replied that it was, the server handed her the summons and complaint and left. Lucienne Robinson then took the papers to Charles Robinson, her husband, who was at home watching television.

The trial court found that the service upon Lucienne Robinson did not constitute service upon a foreign corporation under RCW 4.28.080(10). The Court of Appeals reversed and held that respondent's substantial compliance with the statute was sufficient. We granted Burns & Roe's petition for review pursuant to RAP 13.4(b)(2).

Service of process on a foreign corporation is governed by RCW 4.28.080, which provides:

The summons shall be served by delivering a copy thereof, as follows:

. . .

(10) If the suit be against a foreign corporation . . . to any agent, cashier, or secretary thereof.

There are two methods by which an employee of a foreign corporation qualifies to receive process as an agent on behalf of the corporation. He must either be designated the official agent for service of process by the corporation pursuant to RCW 23A.32.080, or he must be in such a managerial position that he is a representative of the corporation. Either method is sufficient for service under RCW 4.28.080(10). *Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wn.2d 50, 58, 558 P.2d 764 (1977).

The applicable test was set forth in *Crose*:

"Service of process on an agent of a foreign corporation doing business within the state must be on an agent representing the corporation with respect to such business. It must be made on an authorized agent of the corporation who is truly and thoroughly a representative of it, *rather than a mere servant or employee,* or a person whose authority and duties are limited to a particular transaction. The agent must be an agent in fact, not merely by construction of law, and must be one having in fact *representative capacity and derivative authority.* However, it is not necessary that express authority to receive or accept service of process shall have been conferred by the corporation on the person served. It is sufficient if authority to receive service may be reasonably and justly implied.

"*The question turns on the character of the agent, and, in the absence of express authority given by the corporation, on a review of the surrounding facts and the inferences which may properly be drawn therefrom.*"

*Crose,* at 58, quoting 20 C.J.S. *Corporations* § 1942(b) (1940).

Application of this test is best illustrated by reference to *Johanson v. United Truck Lines,* 62 Wn.2d 437, 383 P.2d 512 (1963) and *Faucher v. Burlington N., Inc.,* 24 Wn. App. 711, 603 P.2d 844 (1979). In *Johanson,* we held that a tem-

porary manager of a branch facility, who had the authority to hire and fire over half of the branch employees, possessed adequate representative authority to be an agent for service of process. In contrast, the employee served in *Faucher* was responsible primarily for opening and closing railroad switches by remote control. His duties did not clothe him with the requisite representative authority to accept service on behalf of the corporation.

At the time process was served in the instant case, Charles Robinson was manager of "site support services" at Hanford's No. 2 site. Although he had not been designated the statutory agent for service of process, his title implies that he possessed sufficient discretionary authority to act in a representative capacity. Petitioner has never argued that Charles Robinson did not possess this authority and he was, therefore, an agent of petitioner for service of process. *See* Trautman, *Commencement of Actions and Service of Process in Washington*, 16 Willamette L. Rev. 87, 105 (1979). The question thus presented is whether service on the wife of an agent for service of process at the agent's home is adequate to confer jurisdiction over a foreign corporation under RCW 4.28.080(10).

Petitioner argues that RCW 4.28.080(10) is a constructive service statute and should receive strict compliance, *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 360 P.2d 744 (1961), rather than the substantial compliance applicable to personal service statutes. *Lee v. Barnes*, 58 Wn.2d 265, 362 P.2d 237 (1961); *Thayer v. Edmonds*, 8 Wn. App. 36, 503 P.2d 1110 (1972). Whether RCW 4.28.080(10) is a constructive or personal service statute is a question of first impression in this state. Other jurisdictions have reached differing conclusions when faced with the question whether statutes authorizing service on agents of foreign corporations are personal or constructive. Some courts have held that there can be no personal service upon a corporation because it is a fictitious entity and service on its agents is necessarily constructive, *Country Clubs of Sarasota, Ltd. v. Zaun Equip., Inc.*, 350 So. 2d 539 (Fla. Dist. Ct. App.

1977). Others have merely ruled that statutes governing service on corporations should receive strict compliance, *Mason v. Freeman Nat'l Printing Equip. Co.,* 51 Ill. App. 3d 581, 366 N.E.2d 1015 (1977); *Center v. St. Peter's Episcopal Church,* 11 Ohio St. 2d 64, 227 N.E.2d 599 (1967); *Marathon Battery Co. v. Kilpatrick,* 418 P.2d 900 (Okla. 1965).

The most reasonable approach is to join those jurisdictions which construe such statutes in the same manner as personal service statutes. *Southeastern Fid. Ins. Co. v. Heard,* 123 Ga. App. 635, 182 S.E.2d 153 (1971). As a corporation is a fictional entity, it acts wholly through its representative agents. In order effectively to serve a foreign corporation under RCW 4.28.080(10), one of its qualified agents must be personally served. *Country Clubs of Sarasota, Ltd. v. Zaun Equip., Inc., supra.* RCW 4.28.080(10) is, thus, more analogous to personal service statutes than to constructive service statutes which typically require service by either filing a copy of summons with the Secretary of State, *e.g.,* RCW 4.28.090, 46.64.040, or other state official, *e.g.,* RCW 48.05.200, 48.05.215, or by publication of the summons in a newspaper printed and published in the county where the action is brought, RCW 4.28.100, 4.28.110.

In *Thayer v. Edmonds, supra,* plaintiff's process server located defendant and contacted her by telephone at 11:30 p.m. on the last day allowed for service of process. Defendant gave the process server directions to her home but told him that she would not wait up for him. They agreed that he could leave the papers in her front door, which he did at 11:50 p.m. that night. The next morning defendant opened her front door and personally obtained the papers. The *Edmonds* court held the service valid. It reasoned that where the constitutional due process requirement of adequate notice has been met and where the statutory service requirements have received substantial compliance, there is no public policy reason "why a defendant should not be able to authorize delivery in a manner not enumerated in the statute . . ." *Edmonds,* at 41–42.

This holding is in accordance with earlier decisions of this court. In *Lee v. Barnes, supra,* we held that a defendant could appoint an agent to receive personal service of process on his behalf, even when the statute governing service did not expressly authorize such a substitution. Similarly, in *Lino v. Hole,* 159 Wash. 16, 291 P. 1079 (1930) and in *State ex rel. Pac. Loan & Inv. Co. v. Superior Court,* 84 Wash. 392, 146 P. 834 (1915), we ruled that service upon the spouse of a defendant, in the near vicinity of defendant's home, was sufficient service under the predecessor to RCW 4.28.080(14), which provided, as does the current statute, that summons could be served "to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein."

In the instant case, respondent substantially complied with the terms of RCW 4.28.080(10) by handing the summons and complaint to Lucienne Robinson after insuring that the home was the abode of Charles Robinson. Such service was reasonably calculated to give Charles Robinson, as corporate agent, notice of the suit. Were Charles Robinson himself the defendant in this action, service would have been sufficient under RCW 4.28.080(14). Reason supports the conclusion that the Legislature intended this manner of service to be sufficient under RCW 4.28.080(10). The summons and complaint were given to the agent within minutes after they had been delivered by the process server. The purpose of the statute, that notice be given, was satisfied. Petitioner was in no way prejudiced by this manner of service.

Accordingly, the judgment is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.