[No. 7654-7-III.   Division Three.   April 14, 1987.]

SPOKANE COUNTY, *Appellant,* v. THE UTILITIES AND TRANSPORTATION COMMISSION, *Respondent.*

---

[4]Because of our decision to vacate the contempt order, we do not address the issue of the Fifth Amendment privilege.

*Donald C. Brockett, Prosecuting Attorney,* and *Garald A. Gesinger, Deputy,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Steven W. Smith, Assistant,* for respondent.

THOMPSON, J.—Spokane County appeals a superior court dismissal of its petition for review. We affirm.

In 1978, Spokane County filed a petition with the Washington Utilities and Transportation Commission (WUTC), seeking reopening of a grade crossing where Campbell Road formerly intersected a Burlington Northern rail crossing in the Spokane Valley. A hearing was held before an administrative law judge, resulting in a proposed order reopening the crossing. A second hearing was held upon motion to reopen, and a supplemental order affirming the administrative law judge's original order was entered. Subsequently, on September 25, 1985, the WUTC reversed the adminis-

trative law judge and denied the petition to reopen the rail crossing.

On October 24, 1985, Spokane County filed a petition for review in superior court. A copy of the petition was sent to the assistant attorney general who had been representing WUTC, addressed:

Steven W. Smith
Assistant Attorney General
Utilities & Transportation Commission
Highway/Licenses Building
Seventh Floor, PB–02
Olympia, WA 98504

A notice of special appearance was filed November 12, 1985, by Mr. Smith, reserving all of WUTC's rights regarding jurisdiction, based on improper service of process. On November 21, 1985, WUTC moved to dismiss, alleging the petition for judicial review was not served on it as required by RCW 34.04.130(2). The motion was granted, and an order was entered dismissing the petition based on lack of jurisdiction.

The sole issue is whether mailing the petition for review to an assistant attorney general at an address that also houses the agency, constituted substantial compliance with the statute requiring service upon the agency. The procedure for perfecting a petition for review under the administrative procedure act (APA) is set forth in RCW 34.04-.130(2), which provides in part:

Proceedings for review under this chapter shall be instituted by filing a petition in the superior court . . . The petition shall be served and filed within thirty days after the service of the final decision of the agency. Copies of the petition *shall be served upon the agency* and all parties of record.

(Italics ours.)

■ An appeal from an administrative ruling invokes a superior court's appellate, rather than general or original, jurisdiction. *MacVeigh v. Division of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943); *Reeves v. Department of Gen. Admin.*, 35 Wn. App. 533, 537, 667

P.2d 1133, *review denied,* 100 Wn.2d 1030 (1983). Acting in its appellate capacity, the superior court is a court of limited statutory jurisdiction, and all statutory requirements must be met before jurisdiction is properly invoked. *MacVeigh; Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944).

However, substantial compliance with statutory provisions is all that is necessary to invoke this form of appellate jurisdiction. *In re Saltis,* 94 Wn.2d 889, 896, 621 P.2d 716 (1980). *Saltis* held proper service under RCW 51.52.110 (review of decisions of the Board of Industrial Insurance Appeals) was met if:

> (1) the Director [the person designated in the statute to receive notice] received actual notice of appeal to the Superior Court; *or* (2) The notice of appeal was served in a manner reasonably calculated to give notice to the Director.

*Saltis,* at 896. The court noted the notice requirement was "a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions". *Saltis,* at 895.

While no cases answer the specific question raised here under the APA, *Reeves v. Department of Gen. Admin., supra,* decided a similar question under former RCW 41.06.200 concerning an appeal from an order of the Washington State Personnel Board terminating a state employee's employment. There, the notice of appeal was served on an assistant attorney general. The statute required service on the employing agency. The court noted that, while service on a party's attorney satisfies service requirements under superior court civil rules, those rules are only intended to apply to civil actions which invoke the general jurisdiction of the superior courts, and not appellate jurisdiction, as here. *Reeves,* at 537; *see also Vasquez v. Department of Labor & Indus.,* 44 Wn. App. 379, 383, 722 P.2d 854 (1986); *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981). It held that service upon an assistant attorney general is neither service upon the statutorily designated administrative head of an administrative agency, nor upon the statutorily designated agency itself.

Noncompliance with a statutory mandate is not "substantial compliance". *See also Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296, *review denied,* 92 Wn.2d 1013 (1979).

Spokane County contends that *Reeves* is distinguishable in that Steven W. Smith, the assistant attorney general served with the petition, has his office at the WUTC building, is listed in the official 1985 Scan telephone directory under Utilities and Transportation Commission, and thus is "on the staff" of WUTC. We disagree. As noted by WUTC, state agencies do not employ assistant attorneys general; RCW 43.10.067 gives that power only to the independent office of the Attorney General. Also, as noted in *Spokane v. Department of Labor & Indus.,* 34 Wn. App. 581, 584, 663 P.2d 843, "[t]he mere fact that a respondent in a lawsuit *or his counsel* may acquire a copy of the process does not necessarily constitute service", *review denied,* 100 Wn.2d 1007 (1983). (Italics ours.)

We note that in *Vasquez v. Department of Labor & Indus., supra,* this court held service of a notice of appeal on the attorney for a self–insured employer constituted substantial compliance with the notice requirement of RCW 51.52.110. However, as noted above, attorneys general are *not* employed by state agencies, unlike the private attorney in *Vasquez.* Also, WUTC is a state agency, not a private entity, and, as the administrative agency responsible for the decision appealed from, is categorically different from a private self–insured employer. Finally, when the decision of an administrative agency, such as WUTC, is being appealed, the agency must statutorily comply with a requirement to transmit within 30 days after service of the petition the entire record of the proceeding under review. RCW 34.04.130(4). No such requirement applies to self–insured employers. Thus, *Vasquez* does not control our decision here.

Spokane County also argues *Reeves* is inconsistent with *Reiner v. Pittsburg Des Moines Corp.,* 101 Wn.2d 475, 680 P.2d 55 (1984), wherein the court held service on the wife of an agent for service of process, at the agent's home, was

adequate to confer jurisdiction over a foreign corporation under RCW 4.28.080(10). However, *Nitardy v. Snohomish Cy.,* 105 Wn.2d 133, 135, 712 P.2d 296 (1986) called *Reiner* into question when it held service on anyone other than the county auditor was ineffective to obtain jurisdiction over the county, under the requirements in RCW 4.28.080(1). Moreover, *Reiner* involved general or original jurisdiction, not limited statutory appellate jurisdiction, as here. Finally, *Reeves* has been recently reaffirmed in *Jones v. Department of Corrections,* 46 Wn. App. 275, 730 P.2d 112 (1986).

In short, there is no evidence WUTC received actual notice nor that the notice was sent in a manner reasonably calculated to give the agency notice. Thus, Spokane County did not either actually or substantially comply with a statutory requirement necessary to invoke superior court appellate jurisdiction.

Affirmed.

McINTURFF, C.J., and GREEN, J., concur.

After modification, further reconsideration denied May 26, 1987.