**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MAY 9, 2024

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MAY 9, 2024

_Erin L. Lennon_
ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LYRA JEAN SPENCER, | ) | No. 102147-0 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| FRANKLIN HILLS HEALTH-SPOKANE, LLC, | ) | |
| | ) | |
| | ) | Filed: May 9, 2024 |
| Petitioner. | ) | |
| _____ | ) | |

MONTOYA-LEWIS, J.—A civil action begins by serving a summons and complaint on the defendant. In legal terms, "service" means providing the summons and complaint to the defendant or their representative to notify them of the action. Our statutes provide procedures by which service may be performed in a manner reasonably calculated to accomplish notice of the action. In this case, we must determine whether service complied with RCW 4.28.080(9) when a corporation's human resources manager accepted the summons and complaint. We conclude that it did. The terms of the statute are broad and include a number of people within a corporation who can receive service on its behalf, including a "managing agent." We hold that the human resources manager is a managing agent of the corporation,

within the meaning of the statute.  Therefore, we affirm in part, reverse in part, and remand for this action to proceed in superior court.

FACTS AND PROCEDURAL HISTORY

Lyra Jean Spencer filed a personal injury lawsuit against Franklin Hills Health-Spokane LLC in 2021.  Her attorney hired an experienced process server, David Kenworthy, to serve the summons.  Kenworthy consulted corporate information on file with the Washington Secretary of State and learned that Franklin Hills's registered agent was Jeremy Tolman, located at an address on Lidgerwood Street in Spokane, Washington.  Tolman was the executive director of Franklin Hills, and Franklin Hills was located at the Lidgerwood address.

Kenworthy visited the Franklin Hills office at that address to serve the summons and complaint.  Upon arrival, Kenworthy stated that he had legal papers to serve on the company and asked for Tolman.  He was told that Tolman was not available.  Instead, a woman named Sheri Flavel came forward and accepted the documents.  Flavel signed the documents with her name, the date, and her position as "HR [human resources] Manager."  Clerk's Papers (CP) at 5, 39, 42.  Kenworthy completed a declaration of service stating that he delivered the documents into the hands of Flavel, the "HR Manager, authorized to accept legal papers." *Id.* at 31.

Flavel's title was "Human Resource and Payroll Manager," and she was responsible for "accounts payable and activities related to human resources" at

Franklin Hills. *Id.* at 4. She "serve[ed] under the Executive Director [Tolman], Director of Nursing Services, and the Business Office Manager." *Id.*; Mot. To Dismiss at 13-14. In her declaration, Flavel claimed she was not directed or authorized to accept legal documents on behalf of the company, and she did not affirmatively indicate to Kenworthy that she was authorized to accept legal documents on behalf of Franklin Hills. CP at 5. Kenworthy stated she never indicated to the contrary, either. *Id.* at 39.

Franklin Hills filed a motion to dismiss for insufficient service of process, asserting that service on Flavel was improper because she is not a person authorized to accept service under RCW 4.28.080(9). Spencer argued service was properly accomplished because Flavel is a "managing agent" of Franklin Hills. The trial court granted the motion to dismiss, concluding that courts must "strictly construe" the service statute and that Spencer had not met her initial burden to show that service was proper. *Id.* at 56-58. It also denied Spencer's motion for reconsideration.

Spencer appealed, and the Court of Appeals reversed and remanded for an evidentiary hearing. *Spencer v. Franklin Hills Health-Spokane, LLC*, No. 38858-1-III, slip op. at 12-13 (Wash. Ct. App. June 1, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/388581_unp.pdf. The Court of Appeals concluded Spencer had made a prima facie showing that service to Flavel was proper and the trial court erred in dismissing the case without first holding an evidentiary

hearing to determine if Flavel was a "managing agent" or "office assistant" under RCW 4.28.080(9). *Id.* at 2.

We granted Franklin Hills's petition for review. 1 Wn.3d 1033 (2023). The Washington State Association for Justice Foundation filed an amicus curiae brief.

ANALYSIS

Serving a summons and complaint commences a civil action and establishes a trial court's jurisdiction over the action. CR 3(a); RCW 4.28.020. Personal service must be accomplished according to statutory procedure. CR 4(d)(2); RCW 4.28.080. To initiate a lawsuit against a defendant corporation, like Franklin Hills, personal service must be made to a person in a role enumerated in RCW 4.28.080(9):

> to the president or other head of the company or corporation, the registered agent, secretary, cashier or *managing agent thereof* or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

(Emphasis added.) Thus, service was accomplished according to the statute if Flavel falls into one of these roles—as a "managing agent" of the corporation Franklin Hills or as an "office assistant" to Tolman (who is undisputedly the head of the corporation and its registered agent). *Id.*

We must determine whether Flavel was a suitable person to serve within the meaning of the statute, RCW 4.28.080(9). The court's "fundamental objective" in statutory interpretation "is to ascertain and carry out the Legislature's intent, and if

4

the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

The purpose of service is to provide due process, which requires notice and an opportunity to be heard. *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950). We conclude that the service statute is to be liberally construed "in order to effectuate the purpose of the statute while adhering to its spirit and intent." *Sheldon v. Fettig*, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996); *Wichert*, 117 Wn.2d at 156 (construing the service statute "as to give meaning to its spirit and purpose, guided by the principles of due process"). Statutes that prescribe methods of service are for the benefit of both the plaintiff and the defendant: "the dual purpose of the statute is to (1) provide means to serve defendants in a fashion reasonably calculated to accomplish notice and (2) allow injured parties a reasonable means to serve defendants." *Sheldon*, 129 Wn.2d at 608 (citing *Wichert*, 117 Wn.2d at 151-52).

As a whole, RCW 4.28.080(9) permits service not just on those in high positions in the corporation but, more broadly, to people in roles where they must understand the workings of the organization and know how to get important legal documents for the corporation into the hands of those who will need to act on them.

For example, it authorizes service not only to obvious leadership positions in the organization, such as the "president" or "registered agent," but also to that person's "secretary, stenographer or office assistant." RCW 4.28.080(9). And service can also be made to people in other kinds of roles within the corporation, such as the corporation's "secretary, cashier or managing agent"—or to the "office assistant" to one of those people. *Id.* The list includes those who have regular, meaningful contact with the corporation's heads but does not rely on service being provided solely to those individuals. The statute provides a wide-ranging list of suitable people to accept service on behalf of a corporation, and we liberally construe its terms to effect its purpose of accomplishing service of process and notice to the defendant. *Sheldon*, 129 Wn.2d at 607.

"[M]anaging agent" is a broad term that describes a person with a managerial role within the corporation, either generally or in a particular area. RCW 4.28.080(9). An "agent" is a representative of a corporation. *Reiner v. Pittsburg Des Moines Corp.*, 101 Wn.2d 475, 477, 680 P.2d 55 (1984) (citing *Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wn.2d 50, 58, 558 P.2d 764 (1977)). And a managing agent must have authority and play "'some substantial part in the management of [the corporation's] affairs generally or in a particular district or locality.'" *Johanson v. United Truck Lines*, 62 Wn.2d 437, 440, 383 P.2d 512 (1963) (quoting C.T. Foster, Annotation, *Who Is "Managing Agent" of Domestic*

6

*Corporation within Statute Providing for Service of Summons or Process Thereon*, 71 A.L.R.2d 178, § 3[a] (1960)).  A "managing agent," then, is someone with substantial managerial responsibilities and authority to act on behalf of the corporation in general or with respect to an area of the corporation's business.  A corporation's managing agent is generally someone who is "in charge of the corporation's property, business, and affairs in the locality in which [they are] stationed, or of some branch or division of its operations, and [have] powers of a managerial character in relation to that portion of the corporation's business." *Foster*, *supra*, at § 3[b].  Consistent with the text of the statute as a whole, the managing agent need not be a role designated formally by a board of directors but, rather, someone with meaningful managerial and representative authority equipped to promptly convey the notice to the corporation.  *See Sheldon*, 129 Wn.2d at 608; *Campbell & Gwinn*, 146 Wn.2d at 11.

In determining who falls within the term "managing agent," we consider the character of the agent and the facts and circumstances that render them a representative of the corporation.  *Cf. Reiner*, 101 Wn.2d at 477 (reviewing the surrounding facts, circumstances, and inferences to determine who is "any agent" for purposes of serving an out-of-state corporation under RCW 4.28.080(10)).  For example, in *Johanson*, we held that a dock foreperson was a managing agent for a trucking company under RCW 4.28.080(9).  62 Wn.2d at 440.  There, when the

7

manager at one of the defendant's freight terminals was away on business, service was made to Don Trotter, the dock foreperson in charge at that location. *Id.* at 438-39. Though relatively little was known about Trotter's role from the record, this court concluded he was a managing agent because he was in charge of that location at that time and had authority to hire and fire employees there. *Id.* at 439-40. He had also been served with legal process directed at the company previously and had not denied his authority to accept such process. *Id.* at 440. Ultimately, Trotter qualified as a managing agent under the statute because he had managerial authority and could act on behalf of the corporation within his purview. With this definition of a managing agent in mind, we consider the circumstances before us.

In a challenge to the sufficiency of service of process, "[t]he plaintiff bears the initial burden to prove a prima facie case of sufficient service," such as by producing a declaration of service that shows service was properly carried out. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014); *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005) (quoting 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 4.40, at 108 (2004)); *Streeter-Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 412, 236 P.3d 986 (2010) ("[a]n affidavit of service is presumptively correct"). The burden then shifts to the party challenging the service of process to "demonstrate by clear and convincing evidence that the service was improper." *Scanlan*, 181 Wn.2d at 847. Here, Spencer

produced Kenworthy's declaration of service stating that he left the documents with Flavel as "HR Manager, authorized to accept legal papers," as well as the case assignment notice that Flavel signed with her title as "HR Manager." CP at 31, 42. The record also includes declarations by Flavel and Kenworthy regarding their interaction and Flavel's role at Franklin Hills. A third declaration by Franklin Hills's compliance officer confirms that Tolman is the executive director and registered agent, and Flavel is the human resources and payroll manager.

The evidence in the record shows that Flavel has managing authority over the human resources department of the corporation. As "Human Resource and Payroll Manager," she is entrusted with some financial responsibility as well as employment matters. CP at 4 ("my responsibilities include addressing accounts payable and activities related to human resources"). A human resources manager generally manages that department of an organization, exercises independent judgment and discretion, and has input into decisions about hiring and terminating employees. *Spencer*, No. 38858-1-III, slip op. at 9. Therefore, it is reasonable to infer that a human resources manager has a substantial role in personnel decisions—such as hiring and firing, like the dock foreperson in *Johanson*. Flavel has personnel and financial responsibilities, identified herself as the "HR manager" in response to the process server's request for Tolman, and then accepted and signed the documents when Kenworthy (1) asked for Tolman and (2) stated his purpose was to serve legal

papers. CP at 39. Additionally, she reports directly to the executive director of the corporation (Tolman), which suggests she is highly positioned in the organization and capable of swiftly conveying important legal documents to him.

Franklin Hills emphasizes that Flavel lacks formal permission to accept service of process and is not in charge of the entire office, but neither of those facts is dispositive or even particularly persuasive when our task is to consider the entirety of the circumstances of her role. *See Reiner*, 101 Wn.2d at 477; *see also Johanson*, 62 Wn.2d at 439-40. First, "'express authority to receive or accept service of process'" is not necessary for one to be any kind of agent under the statute. *Reiner*, 101 Wn.2d at 477 (quoting *Crose*, 88 Wn.2d at 58). "'It is sufficient if authority to receive service may be reasonably and justly implied'" from the "'surrounding facts and the inferences which may properly be drawn therefrom.'" *Id.* (quoting *Crose*, 88 Wn.2d at 58). Here, sufficient facts support the inference that Flavel had adequate managerial authority to place her in the role of a "managing agent" authorized by statute to receive service, so it is of little moment that accepting service is not a duty expressly assigned to her by Franklin Hills. And, like in *Johanson*, she accepted the legal papers without ever indicating she was *not* authorized to accept them. 62 Wn.2d at 440.

Second, we have rejected the notion that a managing agent must manage the entire corporation as "unrealistic" "in today's world of decentralization in business,

banking, and industry." *Id.* at 441 (*overruling in part D.M. Osborne & Co. v. Columbia County Farmers' All. Corp.*, 9 Wash. 666, 38 P. 160 (1894)). Instead, we have adopted a rule that a managing agent may be someone in charge of a branch or department of the corporation. *Id.* We decline to narrow the scope of who may be considered a managing agent under RCW 4.28.080(9), as that would be inconsistent with the statute's purpose. *See Sheldon*, 129 Wn.2d at 607. Therefore, we hold that a person may be a managing agent if they are in charge of a single department of the corporation's business, if they work at a place other than its principal office, and even if their discretion is controlled somewhat by a superior—provided that they have substantial managerial responsibilities and authority to act on behalf of the corporation in general or with respect to an area of the corporation's business. *See Johanson*, 62 Wn.2d at 441 (quoting *Roehl v. Texas Co.*, 107 Cal. App. 691, 704, 291 P. 255 (1930)).

Spencer has met her burden of showing that service was properly carried out by serving Flavel, who is a managing agent of Franklin Hills, and Franklin Hills has not rebutted that evidence of her managerial authority. We conclude, as a matter of law, Flavel meets the definition of a managing agent under the statute. Therefore, it is not necessary to conduct an evidentiary hearing on this issue. Likewise, we decline to reach the questions of whether Flavel may be an office assistant to Tolman

11

or whether substantial compliance may be permitted under the statute because actual compliance was accomplished here.

CONCLUSION

We affirm the Court of Appeals' decision that the trial court erred in dismissing this case based on failure of service. We disagree with the Court of Appeals that any further fact-finding is necessary regarding whether the human resources manager was a proper person to accept service. As a matter of law, she was a managing agent and proper person to accept service under RCW 4.28.080(9). This lawsuit may proceed to discovery and trial. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____
Montoya-Lewis, J.

WE CONCUR:

_____
González, C.J.

_____

_____
Johnson, J.

_____

_____

_____

_____
Owens, J.

_____
Whitener, J.

13

No. 102147-0

STEPHENS, J. (concurring in part, dissenting in part)— I join the majority in holding that RCW 4.28.080(9), including the term "managing agent," must be liberally construed to effectuate its purpose of providing due process and notice to the defendant. Majority at 5-6, 11. The trial court erred by strictly construing the service statute and summarily dismissing Spencer's suit for failure to make a prima facie showing of valid service. I disagree, however, with the majority's decision to summarily rule in Spencer's favor without the benefit of any factual findings. Given the procedural posture of this case, I would affirm the Court of Appeals entirely and remand to the trial court for further proceedings under CR 12.

While a claim of insufficient service of process may be waived if not timely raised, once challenged, the plaintiff bears the initial burden to show a prima facie case of sufficient service, and if this burden is met, the defendant "must demonstrate by clear and convincing evidence that the service was improper." *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014); *State v. LG Elecs. Inc.*, 186 Wn.2d 169, 176, 375 P.3d 1035 (2016) (absent a hearing, "the plaintiff's burden is only that of a prima facie showing of jurisdiction.")

1

Here, based on an erroneous reading of the service statute, the trial court granted Franklin Hills' motion to dismiss at step one. Spencer appealed on the ground that the court should have held a preliminary hearing under CR 12(d) because material facts were disputed. Such hearings may involve witness testimony or they may be based on documentary evidence. *Outsource Servs. Mgmt. LLC v. Nooksack Bus. Corp.*, 172 Wn. App. 799, 807, 292 P.3d 147 (2013), *aff'd*, 181 Wn.2d 272, 333 P.3d 380 (2014). But in any case, where the facts surrounding the sufficiency of service are disputed, the trial court must make the necessary findings of fact. *Noll v. Special Elec. Co.,* 9 Wn. App. 2d 317, 322, 444 P.3d 33 (2019). [1]

While I agree with the majority that Spencer has met her prima facie burden of establishing proper service under the liberal definition of "managing agent," I disagree with the majority's statement that Franklin Hills "has not rebutted" evidence of Flavel's managerial authority because it was never called on to offer rebuttal. Majority at 11. Like the Court of Appeals, I believe the proper next step is to remand for a hearing under CR 12(d), where Franklin Hills may offer relevant evidence and attempt to meet its burden of proof. *See Scanlan*, 181 Wn.2d at 847

---

[1] While CR 12 motions may often be resolved on summary judgment, that assumes no genuine issues of material fact. A CR 12(d) preliminary hearing is not a motion but an "action tried on the facts," requiring the trial court to make findings of fact and conclusions of law. *Noll*, 9 Wn. App. 2d at 322. *See* CR 52(a) (courts are required to find the facts specially in all actions tried on the facts).

*Spencer v. Franklin Hills Health Spokane*, LLC., No. 102147-0
(Stephens, J., concurring in part, dissenting in part)

(at a CR 12(d) hearing on service, the defendant must show by "clear and convincing

evidence" that service was improper).  For this reason, I respectfully dissent.

_____
Stephens, J.

_____
Madsen, J.

_____
Gordon McCloud, J.

_____
Yu, J.
