**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| TREENA MILLETT, | No. 59455-2-II |
| Appellant, | |
| v. | |
| OLYMPIC MEDICAL CENTER and DR. ALEXA YAGER, D.O., | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, A.C.J. — Treena Millett appeals the trial court's dismissal of her medical malpractice claim on summary judgment. Millett argues her service of Olympic Medical Center (OMC) was sufficient, and even if it was not, OMC waived the defense of insufficient service. Finding no error, we affirm.

FACTS

In 2019, Millett received medical care from Dr. Alexa Yager at OMC. In 2022, Millett's counsel sent letters to Yager and OMC demanding mediation for negligent treatment that occurred "on or about July 21, 2019 and continuing thereafter." Clerk's Papers (CP) at 14-15. The letters were addressed to "939 Caroline Street, Port Angeles, WA 98362." CP at 14-15. OMC's counsel acknowledged receipt of the letter and requested authorization to access Millett's medical records. On July 9, 2023, Millett's counsel completed the statutory claim form on OMC's website and mailed it to OMC at 939 Caroline Street, Port Angeles, WA 98362 and e-mailed it to Scott Beimer,

OMC's counsel. Millett's counsel stated, "the [statute of limitations] is arriving and I'm going to send this 'formal' claim to OMC." CP at 21. Beimer responded, "[u]nderstood, thanks for the heads up." CP at 21.

On September 22, 2023, Millett filed a complaint against Yager and OMC, a hospital district. Millett alleged that Yager, who worked for OMC, failed to timely identify and treat an infection.

On November 16, 2023, process server Emily Carpenter served a copy of the summons and complaint on Jeremy Gilchrist, the chief operation officer at Olympic Medical Center Foundation (OMCF), at "1015 Georgiana St., Port Angeles, WA 98362." CP at 35. OMC is located at 939 Caroline Street in Port Angeles. It is undisputed that OMCF and OMC are separate legal entities.

In her declaration, Carpenter stated she was asked to serve Bruce Skinner. Skinner was the executive director of OMCF. Carpenter's return of service stated Skinner was at 1015 Georgiana Street. Carpenter stated that Gilchrist indicated that Skinner was not present, but that he "would accept service of the documents." CP at 32. According to Carpenter, Gilchrist "had ample opportunity to review the documents and if he had told me that he was not authorized to accept the documents, I would not have left them with him." CP at 32.

Gilchrist stated in his declaration that he told Carpenter he could accept the documents for Skinner but explained that OMCF and OMC were separate entities. Gilchrist also stated he "never told [Carpenter] that [he] could accept service for OMC." CP at 99. Gilchrist's declaration also stated that Skinner was "not authorized to accept service for OMC." CP at 93.

Scott Beimer, counsel for OMC, stated in his declaration that "[o]n November 16, 2023, OMC received a copy of the complaint from [OMCF]." CP at 37.

2

On November 28, OMC filed a notice of appearance which stated it did not waive any defenses including "[i]nsufficiency of service of process." CP at 113. The next day, OMC filed a jury demand.

On December 7, OMC filed an answer to Millett's complaint, asserting affirmative defenses including the "[f]ailure to file within [the] statute of limitations or properly serve defendants." CP at 75.

On February 15, 2024, OMC requested by e-mail a copy of the declaration of service. Then, on February 23, OMC filed a motion to dismiss under CR 56 for, among other reasons, failure to properly serve OMC. Yager joined in the motion.

The trial court dismissed Millett's claims against both OMC and Yager on summary judgement.

Millett appeals.

## ANALYSIS

I.    CLAIM AGAINST YAGER

As an initial matter, while Millett appeals from the order that dismissed the medical malpractice claim against both OMC and Yager, Millet only argues that the claim against OMC was dismissed erroneously, writing little about service on Yager.[1]

"We do not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority." *Saviano v. Westport Amusements, Inc.*, 144 Wn. App. 72, 84, 180 P.3d 874 (2008); RAP 10.3(a)(4)-(6). Therefore, we do not address the sufficiency of service to Yager, and we address only the service of OMC.

---

[1] Millett states in her brief: "Having properly accomplished service over OMC, Millett had a 'reasonable time' to accomplish service over [Yager], but was prevented from doing so by dismissal of the case." Br. of Appellant at 14.

II.    SUFFICIENCY OF SERVICE

Millett argues OMC received due process and failed to show its service of Gilchrist was insufficient when there is no statutory procedure for serving hospital districts.  We disagree.

A.    Legal principles

An order granting summary judgment is reviewed de novo.  *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).  "[S]ummary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 790, 16 P.3d 574 (2001) (quoting CR 56(c)).  A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue.  *LaRose v. King County*, 8 Wn. App. 2d 90, 103, 437 P.3d 701 (2019).  In determining if there is an issue of material fact, "the court construes all facts and inferences in favor of the nonmoving party."  *Michael*, 165 Wn.2d at 601.

"Serving a summons and complaint commences a civil action and establishes a trial court's jurisdiction over the action."  *Spencer v. Franklin Hills Health-Spokane*, *LLC*, 3 Wn.3d 165, 170, 548 P.3d 193 (2024).  "The purpose of service is to provide due process, which requires notice and an opportunity to be heard."  *Id.*  However, actual notice alone is insufficient to show valid service.  *Gerean v. Martin-Joven*, 108 Wn. App. 963, 972, 33 P.3d 427 (2001).

"Personal service must be accomplished according to statutory procedure."  *Spencer*, 3 Wn.3d at 170; CR 4(d)(2); RCW 4.28.080.  RCW 4.28.080 enumerates various methods for serving different entities.  "[T]he service statute is to be liberally construed 'in order to effectuate the purpose of the statute while adhering to its spirit and intent.'"  *Spencer*, 3 Wn.3d at 171 (quoting *Sheldon v. Fettig*, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996)).

Millett and OMC both assert that RCW 4.28.080 provides no method for serving hospital districts specifically. However, while it is true that RCW 4.28.080 provides no specific method for serving hospital districts, RCW 70.44.010, provides that public hospital districts are "municipal corporations." Therefore, RCW 4.28.080(9) is controlling here.

RCW 4.28.080(9) provides the proper method of service in an action against a company or corporation other than those listed in RCW 4.28.080(1)-(8). It specifies that to serve these corporations, a copy of the summons must be delivered to

> the president or other head of the . . . corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

RCW 4.28.080(9).

B.      Analysis

Even when viewing all facts and inferences in the light most favorable to Millett, she fails to show that Carpenter leaving a copy of the summons and complaint with Gilchrist at OMCF was sufficient to satisfy personal service of OMC. The evidence is undisputed that OMCF is a separate entity from OMC, located at a different address. Therefore, Gilchrist was not a suitable individual listed in RCW 4.28.080(9) to receive service on behalf of OMC.

Millett argues that service was sufficient because OMC actually received the complaint on the same day that it was served on Gilchrist. But actual notice is insufficient to show valid service; the defendant must receive actual service. *Gerean*, 108 Wn. App. at 972.

Because actual notice alone without more is insufficient to satisfy the requirements of personal service, Millett has not shown a genuine issue of material fact, and OMC was entitled to judgment as a matter of law. The trial court did not err in entering summary judgment in favor of OMC.

II.    WAIVER OF DEFENSE OF INSUFFICIENT SERVICE

Millett also argues that even if service was improper, OMC waived the defense of insufficient service.  We disagree.

A.    Legal principles

Waiver of the defense of insufficient service is "'designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage.'"  *Harvey v. Obermeit*, 163 Wn. App. 311, 323, 261 P.3d 671 (2011) (quoting *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002)).  The defense is waived if it is not asserted in either "a responsive pleading or . . . motion under CR 12(b)(5)." *French v. Gabriel*, 116 Wn.2d 584, 588, 806 P.2d 1234 (1991).  The defense is also waived if (1) "assertion of the defense is inconsistent with the defendant's previous behavior" or (2) "if the defendant's counsel has been dilatory in asserting the defense." *Lybbert v. Grant County*, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000).

For example, in *Lybbert*, the defendant, over the course of nine months, engaged in discovery, filed a notice of association with counsel from an outside law firm, and discussed potential mediation with the plaintiffs. *Id.* at 32.  Then, after the statute of limitations ran, the defendant filed an answer asserting for the first time the defense of insufficient service and moved to have the case dismissed. *Id.* at 33, 42.  Based on these actions, our Supreme Court held that the defendant had waived the defense of insufficient service. *Id.* at 45.

B.    Analysis

Here, unlike *Lybbert*, OMC was not dilatory in asserting the defense and did not act inconsistent with its prior behavior.  OMC filed an answer preserving the defense of insufficient service less than one month after Carpenter served Gilchrist.  Also, OMC did not engage in

discovery that would have misled Millett. Then, on February 23, approximately two and a half months later, OMC filed a motion to dismiss. Because OMC filed its answer two weeks before the statute of limitations ran, Millett could have corrected this error by serving OMC. Therefore, there is no evidence OMC intended to ambush Millett with the defense, and OMC did not waive the defense of insufficient service.

## CONCLUSION

We affirm the trial court's dismissal of Millett's claim on summary judgement.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur

_____
Maxa, J.

_____
Price, J.