FILED
4/27/2026
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CARL LARSON, | No. 88233-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KING COUNTY PUBLIC HOSPITAL DISTRICT NUMBER 1, d/b/a VALLEY MEDICAL; and PHILLIP DEAN, MD | |
| Respondents. | |

BIRK, J. — In this appeal from a summary judgment dismissal for failure to serve process, we are asked whether delivery of a summons and complaint to a corporation's front desk volunteer satisfies the service of process requirements in former RCW 4.28.080(9) (2015), that service be made to a corporation's registered agent or to their "office assistant"? Answering no, we affirm.

I

On August 20, 2024, Carl Larson filed a complaint alleging medical malpractice against Dr. Phillip Dean and Dr. Dean's employer, King County Public Hospital District Number 1, d/b/a Valley Medical Center (Valley). On September 26, 2024, Charles Haines, a process server, delivered a copy of Larson's summons and complaint to "Nancy Bell, Records Admin" at Valley. According to Haines's affidavit of service, process was to be served on "David E. Smith, General Counsel" for Valley. In Haines's recounting, "[he] approached the 'front desk' and

told the person there [he] had legal documents for service. The person indicated that she would accept them and see that they were delivered to David Smith." Haines stated that the person to whom he delivered the legal documents "identified herself as 'Nancy Bell,' a volunteer." He documented similar information in a contemporaneous "Field Sheet."

Several months later, counsel for Larson e-mailed Amy Evans at Intercare, Valley's third party administrator, a copy of Larson's summons and complaint. On December 9, 2024, Evans forwarded the summons and complaint to Valley's "Risk Manager." On March 26, 2025, Valley filed an answer and a motion for summary judgment, asserting that Larson had failed to properly effect service of process and that the statute of limitations on Larson's claim had run. At that time, neither Dr. Dean, nor Smith, Valley's general counsel and designated agent to receive service of process, had been personally served with Larson's summons and complaint.

The superior court granted Valley's motion for summary judgment and dismissed Larson's claims. Larson timely appealed.

II

Larson contends that delivery of the summons and complaint to "Nancy Bell" was effective service of process as to Valley, reasoning that, under a liberal reading of former RCW 4.28.080(9), she was an "office assistant," able to receive service of process for Valley, because she worked the "front desk" in the same "physical structure" where Smith worked and "Nancy Bell" told Haines that she would deliver the summons and complaint to Smith. We disagree. Resolving all inferences in favor of Larson, and assuming that a volunteer did accept Haines's

2

service of process while assuring him that she would convey the legal documents to Smith, service of process would still be ineffective because there is no evidence that the volunteer was authorized to, or worked closely with someone authorized to, receive service of process on behalf of Valley.

We review a trial court's decision to grant summary judgment de novo. Schwartz v. King County, 200 Wn.2d 231, 237, 516 P.3d 360 (2022). "Summary judgment is appropriate only when a trial would be useless; there must be no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law." Id. We consider all facts and make all reasonable inferences in the light most favorable to the nonmoving party. Id.

Proper service of a summons and complaint is essential to invoke personal jurisdiction over a defendant. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). We review de novo whether service of process was proper. Id. When the sufficiency of service of process is challenged, the plaintiff must make a prima facie showing of sufficient service, "such as by producing a declaration of service that shows service was properly carried out." Spencer v. Franklin Hills Health-Spokane, LLC, 3 Wn.3d 165, 173, 548 P.3d 193 (2024). "The burden then shifts to the party challenging the service of process to 'demonstrate by clear and convincing evidence that service was improper.' " Id. (quoting Scanlan, 181 Wn.2d at 847). Service must comply with statutory service requirements. Weiss v. Glemp, 127 Wn.2d 726, 734, 903 P.2d 455 (1995).

Former RCW 4.28.080(9) required that if an action was brought against a company or corporation, to effect personal service, summons "shall be served by

3

delivering a copy thereof" to "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Former RCW 4.28.080(9) is to be "liberally construed" to properly effect its purpose while adhering to its spirit and intent. Spencer, 3 Wn.3d at 170-71.

> [Former] RCW 4.28.080(9) permits service not just on those in high positions in the corporation but, more broadly, to people in roles where they must understand the workings of the organization and know how to get important legal documents for the corporation into the hands of those who will need to act on them.

Id. at 171. The statute permits service to more than just those in "obvious leadership positions," allowing also for service to "those who have regular, meaningful contact with the corporation's heads," such as to one of their "office assistants." Id.

Granting all reasonable inferences to Larson, Haines delivered the summons and complaint to a volunteer working at a "front desk" at Valley.[1] Smith, Valley's general counsel and registered agent, has never authorized any employee or volunteer to accept service of process for Valley. Larson contends that "Nancy Bell" was effectively Smith's "office assistant," but he provides no evidence that "Nancy Bell" worked closely with Smith or anyone else in an obvious leadership position. See Witt v. Port of Olympia, 126 Wn. App. 752, 758, 109 P.3d 489 (2005)

---

[1] Valley's Risk Manager conducted an investigation and found that nobody by the name of "Nancy Bell" had ever been a volunteer or employee at Valley. Haines listed Nancy Bell's job title as "Records Admin," but Valley does not have a "Records Admin" office and its medical records office has been entirely virtual since 2020.

(service of process ineffective when plaintiff "presented no *prima facie* proof that [a clerk] was an office assistant to one of the persons named in [former RCW 4.28.080(9)]"). Larson does not provide any evidence that "Nancy Bell" had any training or understanding of how to handle important legal documents. Whether "Nancy Bell" assured Haines "that she could accept the documents and would deliver them to" Smith is irrelevant because she was not designated or permitted to accept service of process for Valley.

Smith and Dr. Dean submitted signed declarations attesting that neither had been served Larson's summons and complaint. Construing former RCW 4.28.080(9) liberally, "Nancy Bell" was not authorized to accept service of process on behalf of Valley.

Affirmed.

Birk, J.

WE CONCUR:

Feldman, J.          Díaz, J.