**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| RICHARD SCOTT, | No. 60429-9-II |
| Appellant, | |
| v. | |
| DR. HAVENS, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—Richard Scott is a resident at a Special Commitment Center (SCC). Scott filed a lawsuit against Dr. Deborah Havens,[1] a doctor at the SCC, alleging that she committed medical malpractice. The trial court dismissed Scott's case after finding that Scott failed to properly serve Dr. Havens and failed to state a claim upon which relief could be granted. Scott appeals, arguing that he served Dr. Havens by publication and that the trial court erred by finding that he failed to state a claim upon which relief could be granted. We disagree and affirm.

FACTS

On July 24, 2024, Scott filed a lawsuit against Dr. Deborah Havens, the medical director at the SCC, alleging that Dr. Havens had committed medical malpractice against him. Scott claimed that Dr. Havens put him at risk of serious illness or death by instructing that Scott be required to eat in the cafeteria rather than in his unit. Scott also claimed that Dr. Havens put Scott in harm's way by clearing him to move out of the medical unit and into a different unit at the SCC

---

[1] In the record provided to this court, the case captions refer to respondent as "Dr. Haven." This opinion uses the correct spelling of respondent's name, "Havens," throughout.

where he may have to use stairs. Scott claimed he should receive $1,500 for every day he was not allowed to eat in his unit and $1,500 for every day he was not housed in the medical unit.

Dr. Havens moved to dismiss Scott's suit under CR 12(b)(2), (5), and (6), arguing that Scott had failed to properly serve her under CR 4(d) and failed to state a claim upon which relief could be granted. In support of her motion to dismiss, Dr. Havens explained that on November 12, 2024, she found an envelope on her desk at work addressed to "'Dr. Hamill'" from "'R.R. Scott CEO Liberty Puzzle Publications PO Box 88600 Steilacoom, WA 98388.'" Clerk's Papers at 46. Inside the envelope was a document captioned as "Amended Malpractice" with the cause number of Scott's malpractice lawsuit. The document listed "Richard Scott Box 88600 Steilacoom, WA 98388" as the intended signatory but there was no signature on the document. Dr. Havens was aware that "Liberty Puzzle Publications" was a "'newsletter'" Scott produced at the SCC. *Id.* The envelope was not stamped. Dr. Havens had not received any other communication about the lawsuit from Scott or anyone on his behalf prior to filing her motion to dismiss.

The trial court granted Dr. Havens' motion to dismiss all of Scott's claims.

ANALYSIS

Scott argues that the trial court erred by dismissing his claims based on improper service and failure to state a claim upon which relief could be granted. As an initial matter, the State argues that we should not consider any of Scott's claims because he fails to present any facts or legal arguments to support them.

We hold an unrepresented litigant to the same standard as an attorney. *Batten v. Abrams*, 28 Wn. App. 737, 739 n.1, 626 P.2d 984 (1981). An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references

to relevant parts of the record." RAP 10.3(a)(6). And "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

Scott's brief largely falls short of the standard required by RAP 10.3(a)(6), and this alone justifies our decision to affirm. Nonetheless, we exercise our discretion to reach the merits of Scott's claim regarding improper service.

We review de novo whether service of process was proper. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). "Serving a summons and complaint commences a civil action and establishes a trial court's jurisdiction over the action." *Spencer v. Franklin Hills Health-Spokane, LLC*, 3 Wn.3d 165, 170, 548 P.3d 193 (2024). "The plaintiff bears the initial burden to prove a prima facie case of sufficient service" upon the defendant. *Scanlan*, 181 Wn.2d at 847.

"Personal service must be accomplished according to statutory procedure." *Spencer*, 3 Wn.3d at 170; CR 4(d)(2). CR 4(d)(1) requires that the summons and complaint be served together. RCW 4.28.080(14) provides that a person may be served personally or by leaving a copy of the summons at the house of his or her abode with some person of suitable age and discretion who is a resident.

Scott does not dispute that Dr. Havens was never personally served. *See* Br. of Appellant at 1. He also does not allege that he served Dr. Havens by mail. Rather, he contends that Dr. Havens was served by publication.

RCW 4.28.100 authorizes service by publication only in limited circumstances. Strict compliance with the statute is required for jurisdiction to attach. *Pascua v. Heil*, 126 Wn. App. 520, 526, 108 P.3d 1253 (2005). The plain language of the statute requires an individual to first

file an affidavit with the clerk of the court stating the reasons why service by publication is necessary. RCW 4.28.100. Service by publication is authorized only upon the filing of an affidavit. RCW 4.28.100.

Here, Scott did not file an affidavit with the court. Scott did not commence service by publication according to the proper statutory procedure. Nor does he establish a prima facie case showing sufficient service. Accordingly, we hold that the trial court did not err by dismissing his case for failure to properly serve Dr. Havens. Because we affirm based on improper service, we do not address Scott's argument regarding whether he stated a claim upon which relief could be granted.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
GLASGOW, J.

We concur:

_____
CRUSER, J.

_____
PRICE, A.C.J.

4